### HERNDON *et al. v.* COLQUITT COUNTY *et al.*

ATKINSON, J. 1. Regardless of the technical questions raised as to the form of the answer or its verification, under the evidence introduced on the hearing of the application for interlocutory injunction, there was no error in refusing it.

2. Sections 516 to 519 of the Political Code on the subject of a public-road register, which were codified from the act approved October 16, 1891 (Acts 1890-1, p. 134), do not become operative in any county until the grand jury of that county shall so recommend.

3. What is known as the "alternative road law," embodied in sections 573-583 of the Political Code, which were codified from the act of October 21, 1891 (Acts 1890-1, p. 135), does not go into effect in any county until it is recommended by the grand jury thereof at a term of court.

4. The "public-road register law" and the "alternative road law" are two separate laws enacted on different dates, although by the same legislature. The adoption of the alternative road law by recommendation of the grand jury in a particular county does not ipso facto put in force in that county the public-road register law; and therefore the adoption of the alternative road law does not alone render it unlawful to work the roads of the county unless they are shown on a public-road register as provided by section 516 of the Political Code.

5. Although citizens and residents of a portion of a county may contend that the county authorities have not had the public roads of that section worked with due diligence and care, and that such roads have fallen into bad condition, this does not authorize them to work certain portions of roads of their own selection and not under the supervision of the county authorities, and thereupon, when called upon by the duly constituted authorities to do road work or pay the commutation tax, to refuse to do so on the ground that they have already done an amount of work which was equivalent to that which the law requires them to do when duly summoned. *Judgment affirmed. All the Justices concur.*

Submitted February 13,—Decided March 10, 1909,

Petition for injunction. Before Judge Mitchell. Colquitt superior court. October 28, 1908.

*J. A. Wilkes,* for plaintiffs.

*W. F. Way* and *A. B. Buxton,* for defendants.